bankrupt, or a witness, such reasonable opportunity to see his books, and to consult concerning his rights, as will enable him to answer understandingly, and with all proper reservations. the questions that may be asked him. In England, Lord Chancellor Hardwicke refused to make a peremptory order in a similar case, but recommended that the petitioner (a woman) should be allowed the privilege: Ex parte Parsons, 1 Atk. 204. And see Ex parte Bland, Id. 205. And such appears to have remained the rule of practice there: 1 Christ. Bankr. 385; 1 Mont. & A. Bankr. (2d Ed.) 385. [I do not say that on a motion to commit for not answering, or in some other mode, the judgment of the register might not, in some cases, be received; but that there is no general rule of law to be laid down upon the subject, and that, as a matter of practice, it is highly inconvenient that one should be adopted which should tend to mischievous delay without any corresponding advantage.] [2]

The questions to a bankrupt are usually concerning matters of fact. and in the vast majority of cases, involve nothing requiring advice or consultation; and the presence of counsel, with the right to object to improper questions, and to uphold the rights of the bankrupt in substantially the same manner that he would do if his client were called to the stand as a witness in his own cause in any other court. and with the further reserved right to advise with him concerning his answers, when the register can see cause therefor, meets, as it seems to me, all the requirements of justice in this regard. Certificate to the register accordingly.

---

TANNER (OLNEY v.).  See Case No. 10,506.

TANNER (UNITED STATES v.).  See Case No. 16,430.

TAPLEY (SNOW v.).  See Case No. 13,147.

TAPPAN (BEARDSLEY v.).  See Cases Nos. 1,188, 1,189.

TAPPAN (CARLOCK v.).  See Case No. 2,-412.

---

## Case No. 13,746.

### TAPPAN v. DARLING.

[3 Mason, 101.] [1]

Circuit Court, D. Massachusetts. Oct. Term, 1822.

DECEIT—FALSE AFFIRMATION OF CREDIT—GOOD FAITH—GIST OF ACTION.

In an action for a false affirmation of the credit of another. the action is not sustained, if the representation was in substance true, according to the party's knowledge and belief.  The gist of such an action is fraud.

Case for a false affirmation of the credit of one Samuel Darling, the brother of the defendant [Joshua Darling], whereby the

plaintiff [Charles Tappan] was induced to trust him for $665 75, with the usual averment, that the plaintiff had wholly lost the same, Samuel Darling being insolvent, &c. At the trial, a letter, addressed by the defendant to the plaintiff on the 6th of October, 1818, with an indorsement on it of Samuel Darling as bearer, was produced, containing this clause: "All I can say, he (Samuel Darling) has always met his payments well in Boston. and owes little or nothing there now. I have none of your fifty per cent. profit, and therefore dont indorse for him, because my brother dont ask it." Upon the faith of this letter the plaintiff, on the 1st of November, 1818, trusted Samuel Darling for merchandise bought, to the amount of $665 75. There was a good deal of evidence in the cause, to show that, some years before this period, Samuel Darling had been in embarrassed circumstances, and had failed, and was obliged to compromise with his creditors, and that his credit was not afterwards good. On the other hand, it was proved, that the defendant had trusted Samuel Darling, in 1818, to a considerable extent; and that he might have obtained credit for sums not large.

Willard Phillips, for plaintiff.
Mr. Webster, for defendant.

STORY, Circuit Justice, in summing up the case to the jury, told them, that the question was, whether the representation was true in substance, according to the defendant's knowledge and belief. If so, the action could not be maintained, for it was founded on a supposed fraud; and that fraud must be proved, as it formed the gist of the action. Verdict for defendant.

---

## Case No. 13,747.

### TAPPAN v. NATIONAL BANK NOTE CO.

[See Case No. 14,100.]

---

TAPPAN (OCEANIC STEAMSHIP CO. v.). See Case No. 10,405.

---

## Case No. 13,748.

### TAPPAN et al. v. SMITH et al.

[5 Biss. 73.] [1]

Circuit Court, D. Wisconsin. July Term, 1863.

PARTIES—ASSIGNMENT PENDENTE LITE — SUPPLEMENTAL BILL.

Where a complainant has assigned his interest in the subject-matter of the litigation pending the suit, his assignee cannot on a supplemental bill be substituted to his rights. He must file an original bill in the nature of a supplemental bill.

[Cited in Campbell v. New York, 35 Fed. 14.]
[Cited in Fulton v. Greacen, 44 N. J. Eq. 446, 449, 15 Atl. 828. 830.]

---

[2] [From 1 N. B. R. 316 (Quarto, 59).]
[1] [Reported by William P. Mason, Esq.]

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]